IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JAMES C. PLATTS,

    Plaintiff,

v.                                                                                  Civil Action No. 2:13cv42
                                                                                 (Judge Bailey)

MARY BETH BUCHANAN;
JOHN JEFFREY MILLER;
HAROLD STANTON; NINA
M. MIKLOS; LISA DICERBO;
ROSEMARY PAGUNI; JEAN
M. TRIPP; PATRICK J.
THOMASSEY; STEVEN
TOWNSEND; DONETTA
W. AMBROSE; LISA B. FREELAND;
TOM LIVINGSTON; and KAREN
GERLACH,

    Defendants.

## REPORT AND RECOMMENDATION

On June 11, 2013, the *pro se* plaintiff, a federal inmate incarcerated at Hazelton S.P.C. in Bruceton Mills, West Virginia, initiated this case by erroneously filing[1] a civil rights complaint pursuant to 42 U.S.C. §1983, along with a motion to proceed *in forma pauperis* ("IFP") and a copy of his Prisoner Trust Account Report with Attached Ledger Sheets.[2] Because the plaintiff had not filed a signed Consent to Collect Fees from Prisoner Trust Account, the Clerk of Court issued a Notice of Deficient Pleading. On June 24, 2013, despite the June 18, 2013 Order denying plaintiff's implicit motion to amend his complaint, contained within his Motion for Leave to File Additional

---

[1] The plaintiff, a federal prisoner, should have filed a Bivens action. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] The plaintiff also filed a Motion for Evidentiary Hearing (Dkt.# 4) and a Motion for Leave to File Additional Copies (Dkt.# 5) with his complaint. The following day, he filed a Motion to Issue Subpoena to Compel Discovery (Dkt.# 8) and a Motion Requesting Discovery (Dkt.# 11). By separate Orders entered on June 18, 2013, plaintiff's Motion for Leave to File Additional Copies was granted in part and denied in part; the implicit motion to amend the complaint contained within that motion, was denied. (Dkt.# 12); his Motion Requesting Discovery was denied (Dkt.# 13); his Motion to Issue Subpoena to Compel Discovery was denied without prejudice (Dkt.# 14); and his Motion for an Evidentiary Hearing was denied without prejudice (Dkt.# 15). On June 19, 2013, an Amended Order was entered, denying the Motion Requesting Discovery without prejudice. (Dkt.# 16).

Copies, the plaintiff filed an amended complaint adding three new defendants, along with his signed Consent to Collect. The plaintiff was granted permission to proceed as a pauper on July 9, 2013, and paid a partial initial partial filing fee on July 26, 2013. Subsequently, on August 15, 2013, he filed a Motion to Include Additional Defendant and Additional Claim, seeking to amend his complaint by adding another defendant, and on August 16, 2013, a second Motion to Include Additional Defendant, again seeking to amend his complaint by adding yet another defendant.

This case is before the undersigned for a preliminary review, report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 2.

## I. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. Background

---

[3] Id. at 327.

2

On January 16, 2007, in the Western District of Pennsylvania, in a five-count indictment, the plaintiff was charged with Tax Evasion, in violation of 26 U.S.C. §7201. On March 20, 2008, after a three-day jury trial, the plaintiff was found guilty on all five counts. On June 17, 2008, the plaintiff was sentenced to a term of imprisonment of 30 months on each count, with each term to run concurrently.[4] On June 27, 2008 the plaintiff filed a Notice of Appeal. The judgment of the district court was affirmed by the Third Circuit Court of Appeals on June 5, 2009. On September 3, 2009, the plaintiff filed a motion to vacate pursuant to 28 U.S.C. §2255; it was denied on January 8, 2010. On February 3, 3012, the plaintiff filed a motion for a Certificate of Appealability, challenging the denial of his §2255. The Certificate of Appealablility was denied on February 4, 2010. On February 15, 2013, the plaintiff filed a motion for a second or successive habeas petition, which was denied on March 14, 2013. The plaintiff also filed a 150-page habeas corpus petition, pursuant to 28 U.S.C. §2241 in this district on May 3, 2013, raising some of the same issues raised in the instant complaint; a July 9, 2013, a Report and Recommendation was entered in that case, recommending its dismissal.[5] On June 14, 2013, the plaintiff filed a Motion for Rule 60 - Relief from Judgment in the sentencing court; it was denied by Order entered June 20, 2013. On July 2, 2013, the plaintiff filed a Motion for Rule 29 Judgment of Acquittal in the sentencing court, raising many of the same issues he raises in the instant complaint; the motion was denied by Order entered the following day.[6] On August 1, 2013, plaintiff filed a second §2241 petition in this district, again raising similar issues.[7]

### III. The Complaint

---

[4] The plaintiff's projected date of release is August 26, 2015. See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=09684-068&x=106&y=18

[5] See Platts v. O'Brien, 5:13cv61, Dkt.# 12.

[6] The information contained regarding petitioner's underlying criminal conviction and subsequent filings was obtained from the petitioner's criminal docket sheet. See (W.D. Pa.)(2:07cr21-DWA-1).

[7] See Platts v. O'Brien, 3:11cr56.

In the complaint, plaintiff alleges that a "multitude of civil and constitutional violations" were committed by the defendants. He contends that

1) the prosecution was barred from bringing suit against him by a statute of limitations;

2) evidence, including mitigating and exculpatory evidence, was withheld;

3) a host of due process violations occurred, resulting in a miscarriage of justice;

4) there were inconsistencies between the Grand Jury and trial testimony; perjury was committed; and all of the defendants "were aware of the fabrication of planned crime" and conspired to convict him;

5) the prosecutor, defendant Mary Beth Buchanan, misrepresented Pennsylvania law, as well as the facts; committed fraud upon the court; denied access to all of the petitioner's files and records; and by "theft of deception," robbed the taxpayers in excess of one million dollars "for her own personal and political gain."

6) Defense counsel was ineffective in multiple ways; conspired with the prosecutor to suppress evidence; misrepresented the Rules of Professional Conduct; refused to effectively defend plaintiff; refused to prepare for trial; and committed multiple other transgressions;

7) appellate counsel was ineffective in multiple ways and refused to withdraw;

8) the federal public defender was ineffective in multiple ways;

9) the District Judge failed to perform her duties; denied plaintiff's motions to "access critical trial records;" improperly instructed the jury; ignored or improperly denied plaintiff's motions; conspired with the prosecutor to ensure a "fabricated conviction;" and when "challenged on appeal, . . . misrepresented the truth to mislead the Court of Appeals and prejudice a reversal of prosecution."

10) IRS agents misrepresented, committed perjury, and committed fraud.

11) The jury instructions were flawed.

As relief, plaintiff seeks injunctive relief in the form of immediate release from custody, with quashed indictments, convictions and sentences, along with public apologies to him and his family from each defendant, to include an admission to their "inappropriate actions as being derelict in duties [sic] and responsibility for their recorded deeds of misrepresentation, misconduct, and fraud upon the courts." Further, despite his request for quashed indictments, convictions and sentence, he also seeks court-appointed counsel, a jury trial, and unspecified punitive damages.

### IV. Analysis

This case should be dismissed as frivolous because plaintiff has no chance of success. In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487. (footnote omitted).

Here, the plaintiff challenges his conviction and sentence and seeks monetary damages for the same. However, the plaintiff has made no showing that the finding of guilt has been reversed on direct appeal; expunged by executive order; declared invalid by a tribunal authorized to make such a determination; or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary; the plaintiff's conviction was affirmed on appeal,[8] and he has already repeatedly raised, or attempted to raise, some or all of these same claims in many other filings, either in the Western District of Pennsylvania sentencing court; this district; or in the Third Circuit Court of Appeals.[9] Therefore, the plaintiff is not entitled to seek monetary damages against the defendant at this time.

Finally, plaintiff is warned that pursuant to 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status in the future, if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[8] (3rd Cir. June 5, 2009)(No. 08-2911).

[9] The plaintiff's Motion to Vacate, pursuant to 28 U.S.C. §2255, raising the same issues, was denied. (W.D. Pa. Dkt.# 103)(2:07cr21-DWA-1). His first §2241 petition filed in this district was similarly recommended for dismissal; he has since filed a second, raising similar issues. He filed an earlier civil rights complaint in the sentencing court on December 7, 2012 against some of the same defendants, raising much the same claims as he raises here; it is still pending. (W.D. Pa. Dkt.# 1)(2:12cv1788-MPK). He filed another Bivens action in the sentencing court, literally a carbon-copy of the instant complaint (even on this district's court-approved form §1983 complaint) on June 13, 2013, two days after initiating this action; it has since been dismissed. (W.D. Pa. Dkt.# 2)(2:13cv803-MPK).

5

granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by plaintiff in this district that has been dismissed as frivolous.

## V. Recommendation

In consideration of the foregoing, it is recommended that the plaintiff's amended complaint (Dkt.# 19) be **DISMISSED as frivolous**, pursuant to 28 U.S.C. §§ 1915(e), 1915A(a) and (b). It is further recommended that the plaintiff's pending Motions to Include Additional Defendant and Additional Claim (Dkt.#s 25 and 26) be **DENIED as moot.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by September 4, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 21, 2013

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE