# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JAMES C. PLATTS,**

    Plaintiff,

**v.**                                                                                              **Civil Action No. 2:13cv42**
                                                                                              **(Judge Bailey)**

**MARY BETH BUCHANAN;
JOHN JEFFREY MILLER;
HAROLD STANTON; NINA
M. MIKLOS; LISA DICERBO;
ROSEMARY PAGUNI; JEAN
M. TRIPP; PATRICK J.
THOMASSEY; STEVEN
TOWNSEND; DONETTA
W. AMBROSE; LISA B. FREELAND;
TOM LIVINGSTON; and KAREN
GERLACH,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**     **Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 27]. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on August 21, 2013. In that filing, the magistrate judge recommends that this Court dismiss this action as frivolous.

1

## II.     Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections [Doc. 30] on September 9, 2013. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

## III.     Factual and Procedural History

On January 16, 2007, in the Western District of Pennsylvania, in a five-count indictment, the plaintiff was charged with Tax Evasion, in violation of 26 U.S.C. § 7201. On March 20, 2008, after a three-day jury trial, the plaintiff was found guilty on all five counts. On June 17, 2008, the plaintiff was sentenced to a term of imprisonment of 30 months on each count, with each term to run concurrently. On June 27, 2008, the plaintiff filed a Notice of Appeal. The judgment of the district court was affirmed by the Third Circuit Court

of Appeals on June 5, 2009. On September 3, 2009, the plaintiff filed a motion to vacate pursuant to 28 U.S.C. § 2255; it was denied on January 8, 2010. On February 3, 2012, the plaintiff filed a motion for a Certificate of Appealability, challenging the denial of his § 2255. The Certificate of Appealablility was denied on February 4, 2010. On February 15, 2013, the plaintiff filed a motion for a second or successive habeas petition, which was denied on March 14, 2013. The plaintiff also filed a 150-page habeas corpus petition, pursuant to 28 U.S.C. § 2241 in this district on May 3, 2013, raising some of the same issues raised in the instant Complaint; a July 9, 2013, a Report and Recommendation was entered in that case, recommending its dismissal. On June 14, 2013, the plaintiff filed a Motion for Rule 60 - Relief from Judgment in the sentencing court; it was denied by Order entered June 20, 2013. On July 2, 2013, the plaintiff filed a Motion for Rule 29 Judgment of Acquittal in the sentencing court, raising many of the same issues he raises in the instant Complaint; the motion was denied by Order entered the following day. On August 1, 2013, plaintiff filed a second § 2241 petition in this district, again raising similar issues.

## **IV.** **Analysis**

In his complaint, brought under 42 U.S.C. § 1983, the plaintiff alleges that a "multitude of civil and constitutional violations" were committed by the defendants. He contends that:

1.  the prosecution was barred from bringing suit against him by a statute of limitations;

2.  evidence, including mitigating and exculpatory evidence, was withheld;

3.  a host of due process violations occurred, resulting in a miscarriage of

3

justice;

4. there were inconsistencies between the Grand Jury and trial testimony; perjury was committed; and all of the defendants "were aware of the fabrication of planned crime" and conspired to convict him;

5. the prosecutor, defendant Mary Beth Buchanan, misrepresented Pennsylvania law, as well as the facts; committed fraud upon the court; denied access to all of the petitioner's files and records; and by "theft of deception," robbed the taxpayers in excess of one million dollars "for her own personal and political gain."

6. Defense counsel was ineffective in multiple ways; conspired with the prosecutor to suppress evidence; misrepresented the Rules of Professional Conduct; refused to effectively defend plaintiff; refused to prepare for trial; and committed multiple other transgressions;

7. appellate counsel was ineffective in multiple ways and refused to withdraw;

8. the federal public defender was ineffective in multiple ways;

9. the District Judge failed to perform her duties; denied plaintiff's motions to "access critical trial records;" improperly instructed the jury; ignored or improperly denied plaintiff's motions; conspired with the prosecutor to ensure a "fabricated conviction;" and when "challenged on appeal, . . . misrepresented the truth to mislead the Court of Appeals and prejudice a reversal of prosecution."

10. IRS agents misrepresented, committed perjury, and committed fraud.

11. The jury instructions were flawed.

As relief, plaintiff seeks injunctive relief in the form of immediate release from custody, with quashed indictments, convictions and sentences, along with public apologies to him and his family from each defendant, to include an admission to their "inappropriate actions as being derelict in duties [sic] and responsibility for their recorded deeds of misrepresentation, misconduct, and fraud upon the courts." Further, despite his request for quashed indictments, convictions and sentence, he also seeks court-appointed counsel, a jury trial, and unspecified punitive damages.

This case will be dismissed as frivolous because plaintiff has no chance of success. In **Heck v. Humphrey**, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

512 U.S. at 487 (footnote omitted).

Here, the plaintiff challenges his conviction and sentence and seeks monetary damages for the same. However, the plaintiff has made no showing that the finding of guilt has been reversed on direct appeal; expunged by executive order; declared invalid by a

tribunal authorized to make such a determination; or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary; the plaintiff's conviction was affirmed on appeal, and he has already repeatedly raised, or attempted to raise, some or all of these same claims in many other filings, either in the Western District of Pennsylvania sentencing court; this District; or in the Third Circuit Court of Appeals. Therefore, the plaintiff is not entitled to seek monetary damages against the defendant at this time.

The plaintiff's Objections [Doc. 12] to the instant R&R simply attempt to rehash and assert the same arguments that were denied in all the above proceedings. This Court has conducted a thorough *de novo* review of the same, but finds nothing contained therein which could conceivably entitle the plaintiff to any relief. Accordingly, the Objections **[Doc. 30]** are hereby **OVERRULED**.

The main objection the plaintiff asserts challenges the applicability of **Heck v. Humphrey**, 512 U.S. 477 (1994). First, the plaintiff argues that **Heck** only applies only to a claim brought by a state prisoner pursuant to § 1983 and not a **Bivens** claim such as this. This argument is misplaced. The Fourth Circuit, citing the Seventh Circuit in **Clemente v. Allen**, 120 F.3d 703, 705 (7th Cir. 1997)(*per curiam*), stated that "the rationale in **Heck** applies to actions under **Bivens** []." **Mobley v. Tompkins**, 473 Fed.App'x. 337 (4th Cir. 2012). Accordingly, this Objection is **OVERRULED**.

Plaintiff also argues his conviction was the result of an illegal seizure. However, in **Ballenger v. Owens**, 352 F.3d 842, 846-47 (4th Cir. 2003), the Court held that a § 1983 claim alleging an illegal search was expressly barred by **Heck**. The critical language in **Heck** provides that "[w]hen a [] prisoner seeks damages in a § 1983 suit, the district court

6

must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. The Supreme Court reasoned that "[w]e think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id*. at 486. "To implement its holding, the Supreme Court articulated the test that before a district court can dismiss a § 1983 action based on its relationship to a conviction, 'the district court must consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.' *Id*. at 487 (emphasis added). The logical *necessity* that the judgment in the § 1983 case imply the invalidity of a criminal conviction is at the heart of the *Heck* requirement for dismissal of the § 1983 claim." *Ballenger*, 352 F.3d at 846, quoting *Heck*, *supra*.

In this case, the plaintiff seeks damages for the alleged wrongdoing of federal government employees involved in investigating and criminally prosecuting Platts. This Court finds that providing relief in this case would *necessarily* imply invalidity of the criminal conviction. Therefore, until the plaintiff's conviction is set aside, any civil rights action based on the conviction and related matters will be barred by *Heck*. Accordingly, the Objection is **OVERRULED**.

## V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 27]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections to the magistrate judge's R&R **[Doc. 30]** are **OVERRULED**. Further, the Motions to Include Additional Defendant and Additional Claim **[Docs. 25 & 26]** and the Motion to Appoint Counsel **[Doc. 28]** are **DENIED**. Accordingly, the plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED AS FRIVOLOUS**,[1] and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** September 12, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

[1] The dismissal is without prejudice to Platts' ability to re-file his claims if his federal convictions are overturned or called into question by the appropriate court. *See* ***Mobley v. Tompkins***, 473 Fed.App'x. 337 (4th Cir. 2012).